UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| | **MAGISTRATE JUDGE:** |
| **ZEABORN GMBH & CO KG,** *in personam*, **and M/V E.R LONDON ALONG WITH ITS ENGINES, TACKLE, APPAREL, BOILERS, FURNITURE, EQUIPMENT, APPURTANCES, ETC.,** *in rem* | **SECTION:** |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Board of Commissioners of the Port of New Orleans ("Board"), who respectfully asserts a claim against Defendant, Zeaborn GmbH & Co KG, as owner/operator of the Defendant Vessel M/V E.R LONDON (Official No. 9214202) ("Vessel") as follows:

## PARTIES

1.   Plaintiff, Board of Commissioners of the Port of New Orleans, is an independent political subdivision of the State of Louisiana, within the jurisdiction of this Court, and at all material times owned the Napoleon Avenue Wharf and a gantry crane situated thereon, located at approximately Mile Marker 99.5 AHP on the east bank of the Mississippi River.

2.   Defendant, Zeaborn GmbH & Co KG, is a foreign entity with its principle business establishment in Germany. Zeaborn GmbH & Co KG is the registered owner of M/V E.R LONDON.

3.   Defendant, M/V E.R LONDON, is a Liberia flagged cargo container ship, bearing IMO No. 9214202.

1

4. This is an action *in personam* against Zeaborn GmbH & Co KG. This is also an action *in rem* against M/V E.R LONDON, its engines, tackle, apparel, boilers, equipment and appurtances, etc., to enforce the Board's maritime lien over the Vessel.

## JURISDICTION AND VENUE

5. This is a case of admiralty and maritime jurisdiction, brought under the Admiralty Extension Act, 46 U.S.C. Section 30101, 28 U.S.C. Section 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for maritime tort.

6. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

7. Venue is proper because the damages inflicted were upon property located in this venue.

## FACTS AND ALLEGATIONS

8. The Board is the owner of a dock facility along the Mississippi River in New Orleans, Louisiana, including a cargo container terminal located at Napoleon Avenue Wharf.

9. On April 14, 2020, the M/V E.R LONDON, after completing operations and while in the process of departing the berth, allided with a Board-owned gantry crane located at the Napoleon Avenue Wharf, causing substantial property damage to a gantry crane and its accompanying structures (the "Allision").

10. As a result of the Allision, the crane was removed from service and significant repairs were required.

11. The Board did not cause or contribute in any way to the Allision and/or the damages suffered as a result thereof.

## **CAUSES OF ACTION**

*COUNT 1 – MARITIME LIEN*

10.     In light of the significant damage to the Board's property and business caused by the Allision, the Board has a maritime lien against the M/V E.R LONDON.

11.     The Board has the right to enforce its maritime lien against the M/V E.R LONDON to recover for the damages sustained and continues to sustain and for all other such legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

*COUNT 2 – NEGLIGENCE*

12.     The M/V E.R LONDON and Zeaborn GmbH & Co KG owed the Board a legal duty under general maritime law to observe the standard of good and prudent seamanship and to exercise reasonable care to avoid the resulting Allision.

1.     The M/V E.R LONDON and Zeaborn GmbH & Co KG also had a statutory duty to follow the navigational rules of the road. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Defendants breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial. These acts or omissions caused the M/V E.R LONDON to allide with the Board's dock structure and crane.

2.     A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here because the M/V E.R LONDON struck stationary property owned by the Board.

3.     The allision occurred as a result of the negligence, fault or carelessness of the M/V E.R LONDON and Zeaborn GmbH & Co KG and/or their principals, agents and/or employees, and/or the unseaworthiness of the M/V E.R LONDON, which was within the privity and knowledge of Zeaborn GmbH & Co KG, its principals, agents and/or employees.

4. As a result of the foregoing, the M/V E.R LONDON and Zeaborn GmbH & Co KG are solidarily liable for all damages sustained by the Board as described herein.

12. The Board seeks compensation for the following non-exclusive damages: damages to its gantry crane and its accompanying structures, damages to the wharf, and any other property damage, repair costs, dockage and security fees, rent reduction, increased overhead, loss of use, and other economic damages not yet realized and which are reasonable under the circumstances. The Board additionally seeks punitive damages for the unreasonable, indifferent, reckless, and/or grossly negligent conduct of Defendants. The Board also seeks the costs of these proceedings, including attorneys' fees, pre-judgment interest, post-judgment interest, and to have all expert witness fees taxed as costs of court.

## **PRAYER**

**WHEREFORE,** the Board of Commissioners of the Port of New Orleans respectfully requests that:

(1) this Complaint for Damages be deemed good and sufficient;

(2) after due proceedings, judgment be entered against M/V E.R LONDON *in rem* and against Zeaborn GmbH & Co KG *in personam* for the full amount of the Board's damages, together with interest from the date of the Allision;

(3) all costs of litigation, including attorneys' fees and expert witness fees, be taxed against Defendants; and

(4) the Court grant the Board all other and further relief to which the Board is entitled and which the Court deems just and proper.

Respectfully submitted:

**BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS**

/s/*Gina M. Palermo*
Jean-Paul A. Escudier (Bar No. 29177)
Michelle W. Scelson (Bar No. 33428)
Gina M. Palermo (Bar No. 33307)
Board of Commissioners of the Port of New Orleans
1350 Port of New Orleans Place
New Orleans, Louisiana 70130
Telephone (504) 528-3231
Email:  jp.escudier@portnola.com
　　　　michelle.scelson@portnola.com
　　　　gina.palermo@portnola.com

***Attorneys for the Board of Commissioners of the Port of New Orleans***